# COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 12, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP158**

STATE OF WISCONSIN

Cir. Ct. No. 2019TP48

IN COURT OF APPEALS
DISTRICT II

IN THE INTEREST OF K.S-S., A PERSON UNDER THE AGE OF 18:

SHEBOYGAN COUNTY DEPARTMENT OF HEALTH & HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

S.K.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Sheboygan County: REBECCA L. PERSICK, Judge. *Affirmed.*

¶1 REILLY, P.J.[1] S.K. appeals from the circuit court's order involuntarily terminating his parental rights (TPR) to K.S-S. The circuit court granted partial summary judgment at the grounds phase based on abandonment, pursuant to WIS. STAT. § 48.415(1)(a)2. S.K. argues that the circuit court failed to explicitly state that it was finding him unfit, and, therefore, the court failed to comply with the statutory scheme and the order terminating his parental rights should be vacated. He also argues that the court failed to consider the court report at the dispositional phase and that the Sheboygan County Department of Health & Human Services (the Department) failed to comply with WIS. STAT. § 48.834, as it failed to contact any relatives of S.K. regarding placement and adoption of K.S-S. For the reasons that follow, we reject S.K.'s arguments and affirm.

¶2 S.K. was adjudicated the father of K.S-S. on February 6, 2019.[2] On November 6, 2019, the Department filed a TPR petition against S.K., and later amended the petition, claiming abandonment, pursuant to WIS. STAT. § 48.415(1)(a)2.; child abuse, pursuant to § 48.415(5)(a); and failure to assume parental responsibility, pursuant to § 48.415(6). On July 30, 2020, the Department filed its motion for partial summary judgment on the ground of abandonment, alleging that S.K. failed to contact or communicate with K.S-S.—or anyone regarding K.S-S.—from December 21, 2019, to the motion date. The circuit court granted summary judgment to the Department at the grounds phase, and,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] K.S-S. was first placed outside his parent's home in July 2016, when he was eight months old, and a child in need of protection or services (CHIPS) petition was granted in November 2016. K.S-S.'s birth mother voluntarily terminated her parental rights and is not a party to this appeal. S.K. was incarcerated at the time the TPR petition was filed and for the majority of K.S-S.'s life.

following a dispositional hearing, the court terminated S.K.'s rights to K.S-S. S.K. appeals.

¶3      Under Wisconsin law, TPR proceedings involve a two-part statutory procedure: the "grounds" phase and the "dispositional" phase. *Steven V. v. Kelley H.*, 2004 WI 47, ¶¶24, 26, 271 Wis. 2d 1, 678 N.W.2d 856. "In the first, or 'grounds' phase of the proceeding, the petitioner must prove by clear and convincing evidence that one or more of the statutorily enumerated grounds for termination of parental rights exist." *Id.*, ¶24; *see also* WIS. STAT. § 48.31(1). If the court or a jury finds one of the twelve grounds under WIS. STAT. § 48.415, "the court shall find the parent unfit." *Steven V.*, 271 Wis. 2d 1, ¶25 (quoting WIS. STAT. § 48.424(4)). In the second, dispositional phase, the court must determine what is in the "best interest of the child," considering, at a minimum, the "best interests" factors enumerated in WIS. STAT. § 48.426(3). *Steven V.*, 271 Wis. 2d 1, ¶27 (citation omitted).

¶4      S.K. argues that the circuit court "failed to make a finding of unfitness as required by the statute and therefore failed to comply with" WIS. STAT. § 48.424(4).[3] Significantly, S.K. does not argue that the court erred in granting the Department's motion for partial summary judgment at the grounds phase, as he makes no argument that there remained issues of material fact concerning his abandonment of K.S-S. The Department admits that the court "failed to explicitly state that it was finding S.K. unfit," but argues that the court

---

[3] A circuit court's statutory obligations in a TPR case are questions of law for our independent review. *See Steven V. v. Kelley H.*, 2004 WI 47, ¶20, 271 Wis. 2d 1, 678 N.W.2d 856.

made an implicit finding of unfitness. We agree that the court's implicit finding was sufficient under the statute.

¶5 WISCONSIN STAT. § 48.424(4) provides in part: "If grounds for the termination of parental rights are found by the court or jury, the court shall find the parent unfit." Our supreme court explained in *Steven V.*:

> There are 12 statutory grounds of unfitness for termination of parental rights, *see* WIS. STAT. § 48.415(1)-(10), and if a petitioner proves one or more of the grounds for termination by clear and convincing evidence, "the court shall find the parent unfit." There are no "degrees of unfitness" under the statutory scheme; a court has no discretion to refrain from finding a parent unfit after all the elements of a statutory ground have been established.

*Steven V.*, 271 Wis. 2d 1, ¶25 (citations omitted). Accordingly, a finding that a parent is unfit is the direct and necessary result of a conclusion that sufficient grounds for termination exist. Once the court concluded that the Department had established the ground of abandonment against S.K., the court had no discretion to make any other finding except that S.K. is unfit. This is why courts in this state refer to this phase as "the 'grounds' or 'unfitness' phase of a TPR case," *see, e.g.*, *Steven V.*, 271 Wis. 2d 1, ¶28, because the findings are synonymous, *see A.N. v. F.S.*, Nos. 2015AP1405 and 2015AP1406, unpublished slip op. ¶7 (WI App Oct. 2, 2015) ("[T]here is no practical difference between the fact-finder's conclusion that grounds for termination have been established, and a circuit court's finding that a parent is unfit").[4]

---

[4] We may cite an unpublished decision "for its persuasive value." WIS. STAT. RULE 809.23(3)(b).

¶6     We conclude that although the court did not explicitly state that it was finding S.K. unfit, the court's implicit conclusion based on its finding of abandonment—a statutory ground of unfitness for termination of parental rights—was sufficient.  We agree with the Department that "[t]here would be no point in sending this case back to the circuit court for a specific declaration to that effect," as "directing the [circuit] court to make an explicit finding where it has already made unmistakable but implicit findings to the same effect would be both superfluous and a waste of judicial resources."  *See B.L.J. v. Polk Cnty. DSS*, 163 Wis. 2d 90, 109, 470 N.W.2d 914 (1991) (citation omitted), *modified on other grounds by Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, 255 Wis. 2d 170, 648 N.W.2d 402.

¶7     S.K. also argues that the circuit court failed to consider the WIS. STAT. § 48.425 court report during the dispositional phase, which is a violation of WIS. STAT. § 48.426.[5]  Again, S.K. does not challenge the court's determination at the dispositional hearing that termination was in K.S-S.'s best interests, only that it failed to consider the court report.

¶8     S.K. cites no evidence in the record proving or even indicating that the court did not consider the court report; he notes only that "there is no reference to the court report" in the court's oral decision.  The Department filed the required court report on November 27, 2019, and filed an update on March 27, 2020.  At the dispositional hearing, the social worker testified regarding the contents of the report, addressing the factors that the court must consider pursuant to WIS. STAT.

---

[5] WISCONSIN STAT. § 48.426(1) provides:  "In making a decision about the appropriate disposition under [WIS. STAT. §] 48.427, the court shall consider the standard and factors enumerated in this section and any report submitted by an agency under [WIS. STAT. §] 48.425."

§ 48.426, which the court then recounted in its decision that termination of S.K.'s parental rights would be in K.S-S.'s best interests. Further, as the Department notes, the court addressed K.S-S.'s hospitalization at the hearing, which was not mentioned in the testimony, but was mentioned in the court report, indicating that the court did in fact review the report. We see no error.

¶9 Finally, S.K. argues that the Department failed to comply with WIS. STAT. § 48.834(1) as its report "made no reference to any efforts … to contact relatives of S.K." regarding placement and adoption of K.S-S. Section 48.834(1) provides:

> Before placing a child for adoption under [WIS. STAT. §] 48.833, the department, county department under [WIS. STAT. §] 48.57(1)(e) or (hm), or child welfare agency making the placement shall consider the availability of a placement for adoption with a relative of the child who is identified in the child's permanency plan under [WIS. STAT. §§] 48.38 or 938.38 or who is otherwise known by the department, county department, or child welfare agency.

As is clear from the language, the Department was under no statutory obligation "to contact relatives of S.K." The Department is required only to consider those relatives "who [are] identified in the child's permanency plan" or "who [are] otherwise known by the department." *Id.* The Department explains that S.K.'s paternity was not established until years into the CHIPS case, and "S.K. did not communicate with the Department after paternity was established." According to the Department, S.K. failed to identify any available relatives that would be available for placement of K.S-S., citing WIS. STAT. § 48.21(3)(f) (noting that in proceedings concerning CHIPS where a child is in custody, "the parent shall be requested to provide the names and other identifying information of 3 relatives of the child … whose homes the parent requests the court to consider as placements for the child"), and S.K. does not suggest that he ever made any relatives known to

the Department that it then failed to consider.  We agree with the Department that it complied with the terms of § 48.834(1).

¶10    Accordingly, based on the foregoing, we affirm the order terminating S.K.'s parental rights to K.S-S.[6]

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] The guardian ad litem filed a response brief in this case, agreeing with the arguments made by the Department in all respects, but also argued in the alternative that any errors alleged by S.K. were harmless.  As we found no errors, we will not reach the harmless error issue.  S.K. did not file a reply brief.